IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER O'QUINN, # K-92939, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00408-JPG |
| | ) |
| PAT RENSING | ) |
| and THOMAS SPILLER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. It represents one of six cases[1] that was severed from *O'Quinn v. Gaetz, et al.*, Case No. 13-cv-01342-JPG ("original case") pursuant to a Memorandum and Order entered in the original case on April 1, 2014 (Doc. 1 in the instant case). The case involves an Eighth Amendment claim for unconstitutional conditions of confinement against Defendants Pat Rensing and Thomas Spiller, the clothing room supervisor and warden at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff was directed to notify the Court by May 6, 2014, if he did *not* wish to proceed with this severed action. The deadline has now passed.

Plaintiff filed a motion for leave to amend complaint on April 30, 2014 (Doc. 10), although he was not required to do so.[2] However, this lawsuit is still in its early stages.

---

[1] The other five cases are *O'Quinn v. Peek*, No. 14-cv-404-JPG (S.D. Ill., filed April 2, 2014) (voluntarily dismissed May 27, 2014); *O'Quinn v. Shicker, et al.*, No. 14-cv-405-JPG (S.D. Ill., filed April 2, 2014) (voluntarily dismissed May 27, 2014); *O'Quinn v. Stewart, et al.*, No. 14-cv-406-JPG (S.D. Ill., filed April 2, 2014) (voluntarily dismissed May 27, 2014); *O'Quinn v. Chapman*, No. 14-cv-407-JPG (S.D. Ill., filed April 2, 2014), and; *O'Quinn v. Markel*, No. 14-cv-409-JPG (S.D. Ill. April 2, 2014) (voluntarily dismissed May 27, 2014).

[2] The Court did order Plaintiff to file a properly amended complaint in order to proceed in the following four severed actions, which have since been voluntarily dismissed: *O'Quinn v. Peek*, No. 14-cv-404-JPG

No parties have been served. No answers have been filed. Accordingly, Plaintiff's motion for leave to file an amended complaint shall be **GRANTED**. Because Plaintiff previously filed a complaint and a first amended complaint in the original action, the Clerk shall be directed to file the proposed pleading as the "Second Amended Complaint" in this action.

**Second Amended Complaint**

In the Second Amended Complaint, Plaintiff asserts an Eighth Amendment claim for unconstitutional conditions of confinement against Defendants Rensing and Spiller. In addition, he names two other wardens at Pinckneyville, Donald Gaetz and Jody Gogetting, as defendants. Plaintiff claims that they deprived him of basic necessities and exposed him to deplorable conditions in 2013-14.

According to the allegations, Plaintiff was given a single t-shirt to wear for a year (p. 5). He was denied boots and long johns during the winter months. Plaintiff never received a pillow, which exacerbated his neck and back problems (p. 6). He never received the full allotment of hygiene supplies that he should have received on a monthly basis, including two bars of soap, two tubes of toothpaste (24 grams), two rolls of deodorant (0.05 ounces), and one toothbrush. He was given a single roll of deodorant in a year. Some months, he received only one bar of soap or one tube of toothpaste. According to Plaintiff, even the full allotment of supplies ran out during the first half of a month. Plaintiff alleges that all named parties were directly involved in these deprivations (pp. 5-6).

Plaintiff also alleges that he was denied a nutritionally adequate diet (pp. 6-7). Inmates are fed only two meals each day at Pinckneyville (p. 7). The first meal is served

---

(S.D. Ill., filed April 2, 2014) (voluntarily dismissed May 27, 2014); *O'Quinn v. Shicker, et al.*, No. 14-cv-405-JPG (S.D. Ill., filed April 2, 2014) (voluntarily dismissed May 27, 2014); *O'Quinn v. Stewart, et al.*, No. 14-cv-406-JPG (S.D. Ill., filed April 2, 2014) (voluntarily dismissed May 27, 2014), and; *O'Quinn v. Markel*, No. 14-cv-409-JPG (S.D. Ill. April 2, 2014) (voluntarily dismissed May 27, 2014).

between 9:00 a.m. and 11:30 a.m. The second is served at 4:00 p.m. Therefore, inmates must wait 16-19½ hours between their evening meal and their morning meal the following day.

Because Plaintiff is diabetic, he is also issued two snack bags (p. 7). Even with these, Plaintiff receives insufficient amounts of food. He claims that other prisons in Illinois provide three meals and two snack bags to diabetic inmates each day. During the first six months of his incarceration at Pinckneyville, Plaintiff's weight dropped from 256 pounds to 220-230 pounds, and he had difficulty controlling his blood sugar levels. To avoid this, Plaintiff resorted to begging other inmates for food. Plaintiff names Defendants Spiller and Warden Gaetz in connection with this deprivation (p. 6).

Plaintiff also complains about the condition of his cell (p. 8). The cell has no heat. When temperatures dropped below zero at night in December 2013, Plaintiff was forced to endure the cold. No one passed out extra blankets, despite Plaintiff's emergency grievances addressing this issue. Mice made their way into Plaintiff's cell and his bed. Plaintiff was given no cleaning supplies to disinfect his cell. Plaintiff's housing unit experienced "an outbreak of something" in January 2014, and it was placed under quarantine. Plaintiff developed a rash, which was treated with antibiotics. Plaintiff addressed these issues with Defendant Spiller. However, beyond "spray[ing] the cell," nothing was done. Plaintiff names Defendant Spiller in connection with this deprivation (p. 8). Plaintiff seeks monetary damages and injunctive relief (Doc. 9).

**Discussion**

The Second Amended Complaint is now subject to review pursuant to 28 U.S.C. § 1915A(a). Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any

portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

After carefully reviewing the Second Amended Complaint, the Court finds that these alleged deprivations, in combination, state a colorable Eighth Amendment claim for unconstitutional conditions of confinement (**Count 1**) for those reasons previously discussed in the Memorandum and Order dated April 1, 2014 (Doc. 1, pp. 10-14). The Court will allow Plaintiff to proceed with **Count 1** against Defendants Rensing and Spiller, as well as Wardens Gaetz and Gogetting, in their individual and official capacities. The Clerk shall be directed to add Wardens Gaetz and Gogetting as Defendants in this action.

**<u>Request for Preliminary Injunction</u>**

In the opening paragraph of his statement of claim, Plaintiff seeks a preliminary and permanent injunction "to prevent further suffering-harm-injury or loss; on whatever the court feels something may need to be done right away on" (p. 5). This request is virtually identical to the one Plaintiff includes in every complaint he has filed to date in his separate lawsuits. Turning to the request for relief, Plaintiff seeks assorted indigent supplies, clothing, food, and cleaning supplies (p. 9). While the Court will save for another day the issue of whether a permanent injunction is appropriate, Plaintiff's request for a preliminary injunction is addressed herein and is **DENIED**.

In order to obtain preliminary injunctive relief, whether through a temporary restraining order or a preliminary injunction, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620,

622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In light of this standard, the Court deems it appropriate to deny Plaintiff's request for a preliminary injunction at this time. Although Plaintiff's case passes threshold review and therefore demonstrates some likelihood of success on the merits, Plaintiff has not demonstrated that he is now at risk of suffering any threatened or actual irreparable harm caused by Defendants. The Court takes seriously the deprivations Plaintiff has identified. However, Plaintiff does not address any urgent needs that have arisen in connection with the deprivations. The denial of adequate food, for example, might have provided some basis for issuing a preliminary injunction. However, the allegations indicate that Plaintiff's weight loss reached its lowest point in October 2013 and has since stabilized. Further, Plaintiff filed a motion for continuance (Doc. 5) on April 15, 2014, in which he admits that he just ended an 11-day hunger strike. His exposure to the cold might also provide support for a preliminary injunction, if Plaintiff made the request during a cold month. Plaintiff's request came in on April 30, 2014, and he mentions no immediate concerns regarding cell temperature. The Court will not include an exhaustive analysis denying each request for hygiene items, etc. at this time. Instead, the request for preliminary injunctive relief is denied. However, the denial is without prejudice to Plaintiff renewing the request should the need arise.

**Pending Motions**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 3), which shall be addressed in a separate Order of this Court.

Plaintiff has also filed a motion to update exhibits (Doc. 6), in which he seeks to supplement his amended complaint with a 200-page exhibit. Plaintiff filed the motion seven days before Plaintiff filed his proposed Second Amended Complaint, and it is unclear whether Plaintiff actually intended the 200-page exhibit to be filed along with his First or Second Amended Complaint. Regardless, the request shall be denied. At the preliminary review stage of the litigation, voluminous exhibits are unnecessary. *See* FED. R. CIV. P. 26-37. Federal Rule of Civil Procedure 8(a)(2) directs that a complaint shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Plaintiff's request to submit 200 pages of exhibits is unreasonable in light of Rule 8. In addition, review of the proposed exhibit reveals that much of it is clearly unrelated to Plaintiff's claims in this case.

Plaintiff's motion to amend/correct (Doc. 10) is **GRANTED**.

**Disposition**

The **CLERK** is hereby **DIRECTED** to file the proposed pleading as the "Second Amended Complaint." Further, the **CLERK** is directed to **ADD** Defendant **DONALD GAETZ** and **JODY GOGETTING** as a party to this action based on Plaintiff's request for injunctive relief.

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendants **RENSING, SPILLER, GAETZ,** and **GOGETTING**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Order (Doc. 1), the Second Amended Complaint, and this Memorandum and Order to the Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 9, 2014**

*s/ J. Phil Gilbert*<br>United States District Judge