IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER O'QUINN, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 3:14-cv-408-SMY-PMF |
| PAT RENSING, et al., | ) |
|     Defendants. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are plaintiff Chester O'Quinn's motions for temporary restraining orders or other immediate prospective relief (Doc. Nos. 33, 34). O'Quinn is proceeding against four defendants on a § 1983 claim based on allegations that the conditions he has been exposed to during his confinement at Pinckneyville Correctional Center violate the Eighth Amendment's proscription against cruel and unusual punishment. Plaintiff alleges that he was deprived of basic necessities and exposed to deplorable conditions in 2013-2014. In part, he alleges that he does not receive enough soap or toothpaste to meet hygiene needs. He also describes himself as an insulin-dependent diabetic and that he is not enough food for his medical condition. On June 10, 2014, Judge Gilbert denied a request for a preliminary injunction (Doc. No. 13, pp. 4-5). That denial was without prejudice to a renewed motion, should the need arise.

In the present motions, plaintiff reports that he has been moved to the prison's health care unit, where three meals and two snacks are served to inmates. He holds the opinion that he is not receiving his proper amount of daily calories. Plaintiff further explains that he is in the midst of a hunger strike, which is a form of protest. He also reports that he has skin ailments and is in dire need of soap and toothpaste. When the motion was filed, he anticipated that soap would be

distributed again on September 7, 2014. The motions are opposed (Doc. Nos. 37, 38). The defendants point out that plaintiff has received more soap and also retains access to a shower. They further suggest that bad breath, body odor, and the effects of a hunger strike are not irreparable injuries justifying intervention in decisions about prison administration.

To obtain a temporary restraining order, O'Quinn must demonstrate that: (1) no adequate remedy at law exists, (2) he will suffer irreparable harm if the injunction is not granted, (3) the irreparable harm he will suffer outweighs the harm to the defendants if the injunction is granted, (4) he has a reasonable likelihood of prevailing on the merits, and (5) the injunction will not harm the public interest. *Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). Plaintiff has the burden of proof to make a clear showing that he is entitled to a TRO. *Goodman v. Illinois Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). Any prospective injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

The record does not support the requested temporary restraining orders. Regarding meal service, plaintiff has not shown that he will suffer irreparable harm if a TRO is not granted. O'Quinn's personal decision to refuse to eat meals and snacks available to him impacts his health as much or more than any conduct reasonably attributable to the defendants. As to any new conditions recently experienced in the health care unit, O'Quinn has an adequate remedy at law. He can register his concerns with prison officials using the administrative remedy procedure. 20 Ill. Admin. Code § 504.810. If his concerns are not addressed to his satisfaction, he may appeal to the director via the administrative review board. 20 Ill. Admin. Code § 504.850. As to hygiene supplies, there is no competent evidence that O'Quinn is suffering or

will suffer irreparable harm if the Court does not order the defendants to distribute soap and toothpaste on a more frequent basis. Cleansing with water is available if O'Quinn depletes his existing supplies before new supplies are distributed. If O'Quinn believes those who are exposing him to adverse conditions in the health care unit have violated the Eighth Amendment, he may bring suit against the appropriate person under 42 U.S.C. § 1983 once he exhausts available administrative remedies. Further, O'Quinn has not shown that he has a reasonable likelihood of prevailing on the merits of his claims for relief. At this point, his allegations and conclusions are not well-supported.

IT IS RECOMMENDED that O'Quinn's motions for a TRO or prospective relief (Doc. Nos. 33, 34) be DENIED.

**SUBMITTED: September 15, 2014.**

s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**