IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER O'QUINN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:14-cv-408-SMY-PMF |
| | ) |
| PAT RENSING, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 58). The motion is opposed (Doc. 63).

Plaintiff Chester O'Quinn is challenging the conditions of his confinement at Pinckneyville Correctional Center, alleging that he was deprived of basic necessities and exposed to deplorable conditions in 2013 and 2014. He complains of deficiencies in clothing, hygiene supplies, cleaning supplies, nutrition, diabetic snacks, and vermin control.

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997(e)(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The state's procedural rules establish the contours of the requirement. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, to exhaust, inmates must filed complaints and appeals in the place and at the time the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Grievances are intended to give prison administrators an opportunity to address a concern. *Jones*, 549 U.S. at 218. In Illinois, the

grievance procedure starts with an informal effort to resolve a concern with a correctional counselor, progresses to the institutional level, and ends with a decision by the director, who acts through the administrative review board (ARB). 20 Ill. Admin. Code §§ 504.810, 504.850.

In support of their motion, Defendants submit records maintained by the ARB. As this is always the last step in the grievance procedure, ARB records allow the Court to determine whether a final decision was made. Defendants take the position that grievances addressing the conditions at issue in this case were presented but were not properly exhausted because they were resolved by the ARB after this litigation was filed.

In his brief in opposition, Plaintiff acknowledges that his efforts to obtain an administrative remedy were not completed until June and July, 2014, well after he filed this lawsuit on February 28, 2014. He asserts that he did not wait for every issue to be finally resolved before he filed suit because his health was deteriorating and he was suffering ongoing punishment and harassment. He contends that administrative decisions were delayed and that relief was never provided, thereby creating an exception to the obligation to exhaust and permitting a trial on the merits of his claim for relief. Because the materials on file permit analysis of the arguments without further factual development, an evidentiary hearing has not been held.

I. **Exception to Exhaustion Requirement**

Plaintiff maintains that he was not required to exhaust before filing suit because he had a serious need or emergency that could result in further significant injury or the unnecessary infliction of pain (Doc. No. 63, pp. 4-5). However, the Court is not at liberty to ignore the plain language of the exhaustion statute, which makes exhaustion a precondition to a civil rights lawsuit. 42 U.S.C. § 1997e(a); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 534-35

(7th Cir. 1999). The approach plaintiff suggests – that the Court may elect to judge the merits of the underlying claim before resolving the exhaustion defense – has been considered and rejected by the Court of Appeals. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)(requiring a decision on the exhaustion defense before a decision on the merits). Similarly, the Court of Appeals has refused to accept exhaustion while the litigation is proceeding. *Perez*, 182 F.3d at 535; *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004)("[I]t is essential to keep the courthouse doors closed until those efforts have run their course"). Thus, this argument lacks merit.

## II. Availability of an Administrative Remedy

Plaintiff may also be suggesting that the administrative remedy process was not actually available. He supports this position with a general statement that most of his grievances were ignored (Doc. No. 63, p. 3).

Inmates are not required to complete procedural steps that are effectively unavailable. A remedy becomes unavailable when prison employees do not respond to a properly filed grievance or subvert the process with affirmative misconduct. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The availability of a remedy is not a matter of what appears on paper, but whether the process was in reality open for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Here, the materials on file, including exhibits submitted with the pleading and logs/records maintained by the ARB, show very convincingly that Plaintiff had reasonable access to grievance forms and that his requests for an administrative remedy regarding the particular deficiencies at issue in this case were considered, processed and either resolved on the merits or rejected for procedural errors (Doc. No. 2, pp. 31-2, 48-49, 55; Doc. No. 59-1, pp. 3, 5-19). Thus, this position also lacks merit.

### III. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment (Doc. 58) is **GRANTED**. Plaintiff's claims against Patricia Rensing, Donald Gaetz, Thomas Spiller, and Jody Gogetting are **DISMISSED** without prejudice for plaintiff's failure to exhaust available administrative remedies before bringing suit. In view of this ruling, all other pending motions (Docs. 64, 66) are DENIED as MOOT.

**IT IS SO ORDERED.**

**DATE: January 13, 2016**

    *s/ Staci M. Yandle*
**STACI M. YANDLE**
**UNITED STATES DISTRICT JUDGE**